UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Edward Pajian | ) | Case No. 13 B 25893 |
| | ) | Honorable Donald Cassling |
| Debtor | ) | |

| | | |
|---|---|---|
| Lisle Savings Bank, | ) | |
| Plaintiff | ) | |
| | ) | Adversary No. 16-00474 |
| v. | ) | |
| | ) | |
| Glenn B. Stearns, Chapter 13 Trustee, | ) | |
| And Edward Pajian, | ) | |
| Defendants | ) | |

PRETRIAL STATEMENT
REGARDING LISLE SAVINGS BANK'S FIRST AMENDED ADVERSARY COMPLAINT AGAINST THE DEBTOR AND THE CHAPTER 13 TRUSTEE

Now comes secured creditor Lisle Savings Bank ("Bank"), by and through its attorneys, Mark F. Kalina and John J. Pcolinski, Jr., and submits this Pretrial Statement.  This Pretrial Statement was jointly prepared by attorney Mark F. Kalina and attorney Robert V. Schaller, who is one of the attorneys for the debtor.  This Pretrial Statement is being prepared as directed by the Court in its Final Pretrial Order dated December 16, 2016.

BRIEF STATEMENT OF THE THEORY OF THE CASE

Bank is seeking the entry of a judgment imposing a constructive trust against approximately $18,000.00 of funds being held by the Chapter 13 trustee.  Bank claims that all of the rents collected by the debtor from tenants of the building commonly known as 4716 Main Street, Lisle, Illinois (the "Property"), half owned by Bank since August 11, 2011, were collected by the debtor and deposited into his own bank account at Citicorp, and that funds were withdrawn by the debtor from that account to make payments to the Chapter 13 trustee.  Bank claims that pursuant the order of DuPage County Circuit Judge Bonnie Wheaton, Bank is entitled to 50% of the gross rents generated since August 12, 2011 and that the debtor is responsible for 100% of the mortgage payments, real

1

estate taxes, property insurance, water and sewer charges, repairs, maintenance, and any other items required to be paid by the mortgagor of the property and guaranteed ty the debtor.

Bank will offer clear and convincing evidence establishing that the debtor has collected all of the rents from the tenants, has made no allocation of the debtor's share and Bank's share of the rents, deposited Bank's share of the rents into his own bank account, and used funds in that account to make payments to the Chapter 13 trustee.

## STATEMENT OF UNDISPUTED FACTS

**Procedural History:**

1. The adversary proceeding was filed on July 18, 2016. (Docket No. 1).

2. Plaintiff filed the First Amended Complaint on August 10, 2016. (Docket No. 6).

3. Glenn Stearns filed his answer on September 22, 2016. (Docket No. 11).

4. Edward Pajian filed his answer on October 20, 2016. (Docket No. 19).

5. This is an action for imposition of constructive trusts and accountings under Illinois law.

6. This Court has jurisdiction over this case as an adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C §157(b)(2)(O).

7. Bank is an Illinois savings bank and a creditor of the debtor.

8. Glenn B. Stearns is the Chapter 13 Trustee administrating this bankruptcy estate.

9. Edward Pajian is the debtor.

**Property:**

10. Debtor initiated his bankruptcy proceeding by filing his voluntary petition for relief on June 25, 2013 (Docket No. 1).

11. Since August 12, 2011, Bank has been owner of a 50% undivided interest in ATG Trust Company Trust No. 97-072 (the "Trust"), which holds title to real estate commonly known as 4716 Main Street, Lisle, Illinois (the "Property"). Bank acquired its interest via Cook County state court turnover order. The Bank's ownership of said interest was adjudicated by DuPage County Circuit Court Judge Bonnie Wheaton on June 9, 2016.

12. At all times relevant, the debtor has been and continues to be owner of the other 50%

undivided interest in the Trust.

13. At all times relevant, the debtor has maintained a single bank account at Citibank under the name of Pajian Carpets Inc DBS Caram Imports International (the "Citibank Account").

14. At all times since August 12, 2011, the debtor has deposited all of the rents generated from the Property into the Citibank Account.

15. At all times relevant since August 12, 2011, the debtor has deposited his income from self-employment and other sources into the Citibank Account.

16. At all times relevant since August 12, 2011, the debtor has used the Citibank Account to pay his personal and business expenses and to make payments to the Chapter 13 trustee.

17. The balance on hand in the debtor's account with the Chapter 13 trustee is $21,687.60.

18. Since August 12, 2011, the debtor has not made an allocation of the rents between his share and the share of Lisle Savings Bank.

**Payments, Deposits & Rents**:

19. Since February 1, 2016, Edward Pajian has made monthly payments to Trustee Stearns totaling $21,950. A true and correct copy of the Trustee's receipts and disbursement page is debtor's Exhibit 1. The following payments were received by the trustee:

   a. 2/5/16 -- $1,650
   b. 3/8/16 -- $1,650
   c. 4/5/16 -- $1,650
   d. 5/3/16 -- $1,650
   e. 6/6/16 -- $1,650
   f. 7/19/16 -- $1,650
   g. 8/10/16 -- $1,650
   h. 9/20/16 -- $1,650
   i. 10/18/16 -- $1,650
   j. 11/11/16 -- $1,650
   k. 12/6/16 -- $1,650
   l. 1/10/17 -- $3,800

20. Trustee Stearns is currently holding $21,687.60 in undistributed funds as of January 11, 2017. Since the petition date, the trustee has received from Edward Pajian a total of $70,130.82 and has already distributed $48,443.22. ($70,130.82 - $48,443.22 = $21,687.60) (Exhibit 1).

21. Since February 1, 2016, Edward Pajian has made deposits into a Citibank account entitled "Pajian

3

Carpets Inc DBA Caram Imports International" and bearing account number XXXXX615 (hereinafter, the "Citibank Account"). A true and correct copy of the Citibank Account monthly statements is debtor's Exhibit 2. The total deposits into the Citibank Account for each month are as follows:

   a. February 2016 -- $9,747.88
   b. March 2016 -- $5,121.31
   c. April 2016 -- $10,231.94
   d. May 2016 -- $8,560.79
   e. June 2016 -- $8,199.93
   f. July 2016 -- $8,733.69
   g. August 2016 -- $22,689.11
   h. September 2016 -- $8,177.08
   i. October 2016 -- $10,517.12
   j. November 2016 -- $1,767.98
   k. December 2016 -- $17,559.85
   l. January 11, 2017 -- $3,012.05

22. Since February 1, 2016, Edward Pajian has leased various units of the Property to various tenants. Debtor's Exhibit 3 is true and correct copies of the rental agreements existing between February 1, 2016 and January 11, 2017.

23. Since February 1, 2016, Edward Pajian has received rental receipts from tenants. Debtor's Exhibit 4 is true and correct copies of the rental receipts received between February 1, 2016 and January 11, 2017. Rental receipts since February 1, 2016 are as follows:

   a. February 2016 – total lease payments: $3,792; 50% of the total lease receipts is $1,896.
      i. Unit 1: $ 889
      ii. Unit 2: $ 859
      iii. Unit 3: $ 845
      iv. Unit 4: $1,199
      v. Storage unit: $0 – vacant

   b. March 2016 – total lease payments: $3,792; 50% of the total lease receipts is $1,896.
      i. Unit 1: $ 889
      ii. Unit 2: $ 859
      iii. Unit 3: $ 845
      iv. Unit 4: $1,199
      v. Storage unit: $0 – vacant

   c. April 2016 – total lease payments: $3,792; 50% of the total lease receipts is $1,896.
      i. Unit 1: $ 889
      ii. Unit 2: $ 859
      iii. Unit 3: $ 845
      iv. Unit 4: $1,199
      v. Storage unit: $0 – vacant

   d. May 2016 – total lease payments: $4,531; 50% of the total lease receipts is $2,265.50.
      i. Unit 1: $ 889
      ii. Unit 2: $ 859

4

    iii. Unit 3: $ 845
    iv. Unit 4: $1,199
    v. Storage unit: $739

 e. June 2016 – total lease payments: $4,519; 50% of the total lease receipts is $2,259.50.
    i. Unit 1: $ 889
    ii. Unit 2: $ 859
    iii. Unit 3: $889
    iv. Unit 4: $1,199
    v. Storage unit: $674

 f. July 2016 – total lease payments: $4,584; 50% of the total lease receipts is $2,292.
    i. Unit 1: $ 889
    ii. Unit 2: $ 859
    iii. Unit 3: $889
    iv. Unit 4: $1,199
    v. Storage unit: $739

 g. August 2016 – total lease payments: $3,386; 50% of the total lease receipts is $1,693.
    i. Unit 1: $ 889
    ii. Unit 2: $ 859
    iii. Unit 3: $890
    iv. Unit 4: $0 – vacant
    v. Storage unit: $739

 h. September 2016 – total lease payments: $3,386; 50% of the total lease receipts is $1,693.
    i. Unit 1: $ 889
    ii. Unit 2: $ 859
    iii. Unit 3: $890
    iv. Unit 4: $0 – vacant
    v. Storage unit: $739

 i. October 2016 – total lease payments: $3,386; 50% of the total lease receipts is $1,693.
    i. Unit 1: $ 889
    ii. Unit 2: $ 859
    iii. Unit 3: $ 890
    iv. Unit 4: $0 – vacant
    v. Storage unit: $739

 j. November 2016 – total lease payments: $3,396; 50% of the total lease receipts is $1,698.
    i. Unit 1: $ 889
    ii. Unit 2: $ 859
    iii. Unit 3: $ 890
    iv. Unit 4: $0 – vacant
    v. Storage unit: $739

 k. December 2016 – total lease payments: $4,608; 50% of the total lease receipts is $2,304.
    i. Unit 1: $ 889
    ii. Unit 2: $ 859
    iii. Unit 3: $ 890
    iv. Unit 4: $1,212
    v. Storage unit: $739

 l. January 1st -11th, 2017 – total lease payments: $4,608; 50% of the total lease receipts is $2,304.

      i. Unit 1: $ 889
      ii. Unit 2: $ 859
      iii. Unit 3: $ 890
      iv. Unit 4: $1,212
      v. Storage unit: $739

24. During the years 2013, 2014, 2015, and 2016, the debtor deposited more than $130,000.00 of rental revenue derived from the Property into the Citibank account.

### STATEMENT OF DISPUTED FACTS

1. The Chapter 13 plan funds currently held by Trustee Stearns were paid by Edward Pajian utilizing Lisle Savings Bank's 50% share of the rental revenue generated from the Property.

### WITNESS LIST

**a.** **Bank's Witnesses**

1. Edward Pajian

2. Ralph Renn

3. Carolyn Suzzi

**b.** **Debtor's Witnesses**

1. Edward Pajian

2. Ralph Renn

3. Carolyn Suzzi

## EXHIBIT LISTS

a. <u>Bank's Exhibits</u>

1. First Amended Adversary Complaint (Docket No. 6)

2. Debtor's Response to First Amended Adversary Complaint (Docket No. 19)

3. Trustee's Response to First Amended Adversary Complaint (Docket No. 11)

4. Promissory Note

5. Mortgage

6. Guaranty

7. Transcript of discovery deposition of debtor

8. Debtor's spreadsheet of income and expenses

9. Hon. Bonnie Wheaton's order entered June 16, 2016


b. <u>Debtor's Exhibits</u>

1. Chapter 13 report

2. Citibank statements

3. Leases

4. Rental Receipts

5. Debtor's spreadsheet of income and expenses


                                Respectfully submitted,
                                LISLE SAVINGS BANK

                                By:    */s/ Mark F. Kalina*
                                         One of its attorneys

Mark F. Kalina, Esq.
GUERARD, KALINA & BUTKUS
310 S. County Farm Road, Suite H
Wheaton, Illinois 60187
(630) 665-9033, Ext. 19